IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRED HARALSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2513-BD |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff Fred Haralson, by and through his attorney, has filed a motion to vacate the clerk's entry of defendant's bill of costs in the amount of $3,486.84. After the motion was filed, plaintiff agreed not to contest certain cost items totaling $2,462.10, and defendant agreed to withdraw a "skip trace fee" in the amount of $81.19. (*See* Jt. Stat. Rep., 1/13/09 at 3). That leaves the following costs in dispute: (1) $546.05 for the deposition of Virginia Haralson; (2) $103.50 for the deposition of Jermaine Sanders; (3) $186.30 for the deposition of Les Tung; and (4) $107.70 for records subpoenaed from U.S. Auto. The parties have briefed their respective positions in a joint status report and the motion is ripe for determination.

A prevailing party is entitled to recover the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1303 (1994). While costs associated with a deposition taken solely for investigative or discovery purposes are not recoverable, such costs should not be disallowed merely because the deposition was not ultimately used at trial or in connection with a dispositive motion. *See Bank One Texas, N.A. v. Apex Energy,*

*LLC*, No. 3-00-CV-2160-M, 2002 WL 22055 at *1 (N.D. Tex. Jan. 4, 2002) (Kaplan, J.) (citing cases). The relevant inquiry is whether the deposition appeared reasonably necessary at the time it was taken. *Id., citing* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2676 at 424 (3d ed. 1998). Plaintiff argues that the depositions of Virginia Haralson, Jermaine Sanders, and Les Tung were not necessarily obtained for use in *his* case because the depositions also were used by State Farm to defend a separate lawsuit brought by Virginia Haralson. According to plaintiff, only one-half of the costs of those depositions should be taxed against him. (*See* Jt. Stat. Rep., 1/13/09 at 4). However, as defendant correctly notes, all three depositions were taken before Virginia Haralson filed her lawsuit against State Farm. Although plaintiff contends that the "deposition of these three individuals was arguably part of State Farm's investigation of Virginia Haralson's insurance claim," (*see id.*), he does not identify any questions asked by defense counsel that pertain to Virginia's case. Nor has plaintiff provided the court with copies of the deposition transcripts for review. Without such evidence, the court has little difficulty concluding that the depositions of these witnesses, two of whom testified at plaintiff's trial, were necessarily obtained for use in the case.

The court reaches a different conclusion with respect to fees for records subpoenaed from U.S. Auto. Like fees for deposition transcripts, fees for exemplification and copies of papers may be taxed as costs if the papers are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In his affidavit, defense counsel states that "[m]y office subpoenaed records from U.S. Auto relating to *Virginia Haralson's* claim against Carmen Andrade-Silva in order to determine whether *Virginia Haralson* raised a claim for bystander recovery in that matter, or whether she claimed to have been injured in the accident." (*Id.*, Exh. A at 2, ¶ 8) (emphasis added). It is clear from this statement that the U.S. Auto records were necessarily obtained for use in Virginia Haralson's case, not plaintiff's case. This cost item is disallowed.

Accordingly, plaintiff's motion to vacate the clerk's entry of defendant's bill of costs [Doc. #181] is granted in part and denied in part. The motion is granted with respect to the $107.70 fee for records subpoenaed from U.S. Auto. Defendant has voluntarily withdrawn a "skip trace fee" in the amount of $81.19. In all other respects, the motion is denied. The clerk shall tax costs against Plaintiff Fred Haralson in the amount of $3,297.95.

SO ORDERED.

DATED: January 14, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE